IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VICTOR RANDY LOZANO, | § § § | |
| Petitioner, | § § | |
| V. | § § | NO. 4:21-CV-1321-O |
| BOBBY LUMPKIN, DIRECTOR, | § § § | |
| Respondent. | § § | |

**OPINION AND ORDER**

Came on for consideration the petition of Victor Randy Lozano under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. The Court, having considered the petition, the response, the record, and applicable authorities, finds that the petition must be **DISMISSED**.

**I.    BACKGROUND**

On August 4, 2017, Petitioner entered a plea of guilty to manufacture or delivery of a controlled substance under Case No. 15990 in the 29th District Court of Palo Pinto County, Texas, and was sentenced to a term of imprisonment of 40 years. ECF No. 20-8 at 22–23.[1] On that same date, he also entered a plea of guilty to engaging in organized criminal activity under Case No. 16065A in the 29th District Court of Palo Pinto County, Texas, and was sentenced to a term of imprisonment of 30 years, to be served concurrently with the sentence in the controlled substance case. ECF No. 20-10 at 27–28.

---

[1] The page references are to "Page __ of __" assigned by the Court's electronic filing system and shown at the top right portion of the document.

On September 17, 2018, Petitioner filed notices of appeal challenging the convictions. The appeals were dismissed for want of jurisdiction as they were untimely filed. *Lozano v. State*, Nos. 11-18-00254-CR & 11-18-00255-CR, 2018 WL 5624186 (Tex. App.—Eastland Oct. 31, 2018).

On December 15, 2019, Petitioner filed two state applications for writ of habeas corpus. ECF No. 20-8 at 17; ECF No. 20-10 at 21. On December 9, 2020, the petitions were denied without written order. ECF No. 20-7; ECF No. 20-9.

On November 11, 2021, Petitioner filed his federal application for writ of habeas corpus. ECF No. 3 at 10. He urges three grounds in support, all alleging that he received ineffective assistance of counsel. *Id.* at 6–7.

## II.   LIMITATIONS

A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The period runs from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A subsequent state petition, even though dismissed as successive, counts to toll the applicable limitations period. *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). And, a motion for reconsideration of the denial of a state petition also counts to toll limitations. *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). A state habeas application filed after limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re* Wilson, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable

tolling. *Id.* Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* at 386–87; *Merryman v. Davis*, 781 F. App'x 325, 330 (5th Cir. 2019). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

### III.  ANALYSIS

In this case, Petitioner's state court convictions became final on September 5, 2017, when the period for seeking direct review expired. *Roberts v. Cockrell*, 319 F.3d 690, 693–95 (5th Cir. 2003). (Pursuant to Tex. R. App. P. 26.2(a)(1), Petitioner had thirty days from the date the sentences were imposed to file his notices of appeal. The thirtieth day was Labor Day, giving Petitioner an extra day to file his appeals.) Pursuant to 28 U.S.C. § 2244(d)(1), Petitioner had one year in which to file his federal habeas application. His state applications for writ of habeas corpus, filed after limitations had run, did not toll his federal filing date. *Scott*, 227 F.3d at 263. Moreover, Petitioner does not contend that equitable tolling would apply.[2] The petition in this action, filed more than three years after the due date, is untimely and must be dismissed.

---

[2] In the "Timeliness of Petition" section of his motion, he mistakenly states that the petition is timely because it was filed within one year of the state court's denial of his habeas petitions. ECF No. 3 at 9.

## IV. CONCLUISION

For the reasons discussed, the petition is **DISMISSED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 21st day of October, 2022.

                                            Reed O'Connor
                                 **UNITED STATES DISTRICT JUDGE**